UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ASHLEY WILSON, Individually and on behalf of all others similarly situated,

                  Plaintiff,

-against-

PELOTON INTERACTIVE, INC.,
JOHN FOLEY, JILL WOODWORTH

                  Defendants.

**REPORT & RECOMMENDATION**

1:21-cv-02369 (CBA)(PK)

---

LEIGH DRORI, Individually and on behalf of all others similarly situated,

                  Plaintiff,

-against-

PELOTON INTERACTIVE, INC.,
JOHN FOLEY, JILL WOODWORTH

                  Defendants.
-------------------------------------------------------------- x

1:21-cv-02925 (CBA)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      This Report and Recommendation addresses a motion to consolidate the two above-named class action lawsuits brought under the Securities Exchange Act of 1934 (the "Exchange Act"), to appoint lead plaintiff and to approve class counsel. For the reasons below, the undersigned respectfully recommends that the motion be granted.

## BACKGROUND

On April 29, 2021, Plaintiff Ashley Wilson brought a securities class action lawsuit against Peloton Interactive, Inc. ("Peloton"), John Foley and Jill Woodworth (collectively, "Defendants"), seeking compensable damages caused by Defendants' violations of the federal securities laws under the Exchange Act. (*See* Dkt. 1 of 1:21-cv-02369(CBA)(PK) (the "Wilson Action")[1] ¶ 1.) An Amended Complaint was filed on May 6, 2021. ("Am. Compl.," Dkt. 8.) Plaintiff Wilson alleges that Defendants made materially false and misleading statements regarding Peloton's business, operational and financial results, by failing to disclose several adverse facts regarding serious safety threats posed by Peloton's Tread+. (Am. Compl. ¶ 26.) The Amended Complaint alleges that Defendants knew that Peloton's public documents and statements were materially false and misleading and would be issued or disseminated to the investing public, and, as a result, the market price of Peloton's securities was artificially inflated. (*Id.* ¶¶ 48, 50.)

On the same day the original complaint was filed, counsel for Plaintiff Wilson published a notice on Business Wire, announcing that a securities class action lawsuit had been filed against Defendants, providing information on how to join the lawsuit, and advising anyone who wished to serve as lead plaintiff to make a motion to the Court no later than June 28, 2021. (Ex. A to Declaration of James M. Wilson, Jr. (the "Notice"), Dkt. 27-1.)

On May 24, 2021, Plaintiff Leigh Drori brought a securities class action lawsuit against the Defendants, also seeking damages caused by Defendants' violations of the Exchange Act. (*See* Dkt. 1 of 1:21-cv-02925(CBA)(PK) (the "Drori Action").) The Drori Action similarly alleges that Defendants made materially false and misleading statements by failing to disclose adverse facts regarding serious safety threats posed by Peloton's Tread+. (*Id.* ¶¶ 24, 48, 50.)

---

[1] Unless otherwise noted, the docket references are to the Wilson Action.

In response to the Notice, seven individuals filed motions for consolidation, to serve as lead plaintiff and to appoint lead counsel. (Dkts. 18, 22, 24, 25, 28.) One of those individuals was Richard Neswick, who moved the Court on June 28, 2021 pursuant to the Private Securities Litigation Reform Act ("PSLRA"), for an Order (a) consolidating the Wilson Action and Drori Action, (b) appointing Neswick to serve as Lead Plaintiff in the consolidated action and (c) approving Neswick's selection of Faruqi & Faruqi, LLP as lead counsel. ("Motion," Dkt. 25.[2]) In addition, Neswick filed a "Certification of Proposed Lead Plaintiff" in compliance with 15 U.S.C. § 78u-4(a)(2). (Ex. B to Declaration of James M. Wilson, Jr. ("Neswick Certification"), Dkt. 27-2.[3])

After Neswick filed the Motion, the other six individuals who had sought to be appointed as lead plaintiff either withdrew their motions or filed notices that they did not oppose Neswick's Motion.[4] (Dkts. 31, 32, 33, 34.)

## DISCUSSION

### I. Motion for Consolidation

Pursuant to Fed. R. Civ. P. 42(a)(2), the Court may consolidate actions before it if they "involve a common question of law or fact."

Both the Wilson and Drori Actions allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder. They also allege that Defendants violated the Exchange Act by knowingly making materially false and

---

[2] The same Motion was filed at Dkt. 12 of the Drori Action.

[3] The same Certification was filed at Dkt. 14-2 of the Drori Action.

[4] On July 1, 2021, Drew H. Brown, Sr., Jennifer Phung and David C. Millhisler filed a notice withdrawing their motion for consolidation, appointment as lead plaintiffs and approval of lead counsel. (Dkt. 31.) On July 8, 2021, Melkon Krikorian filed a Notice of Non-Opposition to Competing Motions for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel stating that "it appears that Krikorian does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." (Dkt. 32 at 2.) On July 9, 2021, Bijan Khamanian filed a notice of non-opposition, and George Vayner withdrew his motion; both of these movants also acknowledged that they did "not appear to have the largest financial interest." (Dkt. 33 at 2; Dkt. 34 at 2.)

3

misleading statements regarding the accuracy of financial reporting and material changes to Peloton's internal control over financial reporting and disclosure of all fraud, which caused the artificial inflation of Peloton's securities. (Am. Compl. ¶¶ 26, 31, 50, 52, 59; Dkt. 1 ¶¶ 24, 48, 50 of the Drori Action.) Both actions assert claims on behalf of investors who were defrauded by the same group of defendants. They also allege that Defendants' materially false and misleading statements led to artificially inflated prices of Peloton securities, which subsequently damaged class members when the Peloton stock prices fell. (Am. Compl. ¶¶ 51–53, 59; Dkt. 1 ¶¶ 50–52 of the Drori Action.) Both actions define the same class period, from September 11, 2020 through May 5, 2021 (Am. Compl. ¶ 1; Dkt. 1 ¶ 1 of the Drori Action.)

Because the Wilson and Drori Actions involve substantially similar claims and common questions of law and fact, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

Accordingly, the undersigned respectfully recommends that the motion to consolidate the Wilson and Drori Actions be granted.

## II. Appointment of Lead Plaintiff

In securities class actions, the PSLRA provides for the appointment of a lead plaintiff and lead counsel. The PSLRA requires plaintiffs, within twenty days of filing the complaint, to

> cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

>   (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, Plaintiff Wilson published the Notice on Business Wire, a widely circulated national business-oriented wire service, the same day she filed her complaint. *See In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 CIV. 4420 (PAE), 2020 WL 5548856, at *6 (S.D.N.Y. Sept. 16, 2020) (finding that a notice published on Business Wire satisfied Rule 23). The Notice stated that the Wilson Action had been filed, described the claims in the action, and indicated a class period of September 11, 2020 to April 16, 2021. (Dkt. 20-3 at 2 (page numbers references ECF pagination).) It also stated a deadline of June 28, 2021—60 days from the publication date of April 29, 2021—to make a motion to be appointed as lead plaintiff. (*Id.*)

Neswick timely moved for appointment as lead plaintiff on June 28, 2021. (Motion.) *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a). With his Motion, and in compliance with Section 21D(a)(2) of the Exchange Act, 15 U.S.C. § 78u-4(a)(2), he submitted a signed certification stating that he has reviewed the complaint and adopts its allegations, that he did not purchase Peloton stock at the direction of counsel or in order to participate in any federal securities lawsuit, that he is willing to serve as a class representative, that he has not sought to serve as a class representative in any securities class action in the past three years, and that he will not accept payment for serving as a class representative beyond his pro rata share of any recovery, except as ordered or approved by the Court. (Neswick Certification at 2 (page numbers reference ECF pagination).) He also identified all his trades in Peloton stocks during the class period. (*Id.* ¶¶ 3, 5.)

The six other members of the purported class who also moved to serve as lead plaintiff within the sixty-day time frame have withdrawn their motions or stated their non-opposition. (Dkts. 31, 32, 33, 34; *see supra* note 4.)  The Motion is, thus, unopposed.

Under the PSLRA, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of the class members," known as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action … is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption "may be rebutted only upon proof by a member of the purported plaintiff class…" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"In making the determination of which plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Clifford v. TRON Found.*, No. 20-CV-2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005)); *see also Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *3 (E.D.N.Y. May 13, 2020). "The fourth factor, the approximate losses suffered, is considered to be the most important." *Xiangdong Chen*, 2020 WL 2478643, at *3 (collecting cases); *see also Clifford*, 2020 WL 3577923 at *2.

6

Neswick purchased 29,355 Peloton shares on October 8, 2020 at $113.88 per share and sold the same number of shares on May 6, 2021 at $80.49 per share. (Neswick Certification ¶¶ 3, 5.) Thus, Neswick paid $3,342,947.40 and was only able to receive $2,362,783.90 for the same number of shares, a difference of $980,163.50; Neswick states that he suffered losses of $900,611.37. (Dkt. 26 at 9.) The other movants do not dispute that Neswick has the largest financial interest among them. (Dkts. 31; 32 at 2; 33 at 2; 34 at 2.) Because no other purported class member has shown a greater loss, Neswick has the largest financial interest in the relief sought.

Finally, Neswick satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court need only consider "whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied." *Xiangdon Chen*, 2020 WL 2478643 at *4 (citing cases); *see also Omdahl v. Farfetch Limited*, No. 19-CV-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (*citing In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (CM), 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016)).

"To establish typicality under Rule 23(a)(3), the party…must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). Neswick's claims are typical of the class because he purchased Peloton stock during the class period and suffered losses which he claims were due to Defendants' false and misleading statements. The purported class members are all those who purchased or acquired Peloton securities during the class period and "were damaged thereby." (Am. Compl. ¶ 37.) Because Neswick's claims arise from the same alleged conduct by Defendants, and the class members make similar legal arguments in support of their claims, Neswick has established typicality.

Adequacy "entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Flag Telecom Holdings*, 574 F.3d at 35 (*citing Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).

Courts find that a plaintiff's interests are not antagonistic to the class where, as here, the case is "based on alleged violations of the Securities Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value" as a result of the false or misleading statements. *See Xiangdong Chen*, 2020 WL 2478643 at *4 (losses tied to drop in value that occurred after IPO); *see also Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant "suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and…he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to the second prong, Faruqi & Faruqi, LLP is qualified, experienced and able to conduct the litigation. The firm has served as co-lead counsel or sole lead counsel in several class action federal securities fraud matters in various jurisdictions. (Ex. C to Declaration of James M. Wilson, Jr., Dkt. 27-3 at 2-3.) These cases appear to have involved complex legal issues and large monetary amounts. (*Id.*)

Therefore, Neswick satisfies the adequacy requirement.

Because no other class member has provided any proof to rebut Neswick's showing, the presumption in the PLSRA that Neswick is the most adequate plaintiff stands. *See, e.g., Clifford*, 2020 WL 3577923, at *3 ("In the absence of any competing motions, … there is no basis to rebut Movants' presumptive lead plaintiff status in this case").

8

### III. Appointment of Lead Counsel

The PLSRA requires that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts defer to a plaintiff's selection of counsel "'and will only reject the plaintiff's choice … if necessary to protect the interests of the class.'" *Xiangdong Chen*, 2020 WL 2478643, at *5 (quoting *Bray v. Frontier Commc'ns Corp.*, No. 17-CV-1617, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018)). As referenced above, Neswick's chosen counsel, Faruqi & Faruqi, LLP, has substantial experience in litigating complex class actions on behalf of plaintiffs, including securities class actions, and has served as the sole lead counsel in several prominent securities class actions. (Dkt. 35 at 8.) The undersigned therefore finds no reason to disturb Neswick's selection of lead counsel.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Motion be granted, and that the Wilson Action and Drori Action be consolidated, that Richard Neswick be appointed as lead plaintiff, and that Faruqi & Faruqi, LLP be appointed as lead counsel.

Any objections must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         October 26, 2021

9